| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON | |
| TAMI BIGELOW,<br><br>                Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of the Social Security<br>Administration,<br><br>                Defendant. | CASE NO. 2:17-cv-00071 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 6; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7. This matter has been fully briefed. *See* Dkt. 14, 15, 16.

Plaintiff has severe systemic lupus erythematosus ("lupus") and fibromyalgia. AR. 20. Although there has been some progress in the understanding of these types of impairments generally, as noted in a Ninth Circuit opinion, fibromyalgia's "cause is

unknown, there is no cure, and it is poorly-understood within much of the medical community." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). There are laboratory tests that can help substantiate the presence of these impairments, such as a test for positive antinuclear antibodies ("ANAs"), which plaintiff has. There also are examination findings that can help demonstrate fibromyalgia, such as tender points or trigger points, and plaintiff has demonstrated 18 out of 18 of these. However, here, the ALJ appears to have relied heavily on a finding of a lack of objective medical evidence to substantiate the opinion of plaintiff's treating doctor. In the context of this particular record, and the lack of sufficienet explanation as to what additional objective medical evidence should be present to substantiate the severity of plaintiff's impairments, this reliance does not sufficiently explain the failure to credit fully the treating doctor's opinion.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, TAMI BIGELOW, was born in 1962 and was 50 years old on the alleged date of disability onset of December 13, 2012. *See* AR. 343-51, 352-53. Plaintiff has a GED and attended community college. AR. 60. She has work experience doing data entry. AR. 68-69. Plaintiff lost her job after she broke her knee. AR. 62.

According to the ALJ, plaintiff has at least the severe impairments of "systemic lupus erythematosus ("lupus"); fibromyalgia; status-post medial plateau fracture, major

depressive disorder ("MDD"); post-traumatic stress disorder ("PTSD"); and generalized anxiety disorder ("GAD") (20 CFR 404.1520(c) and 416.920(c))." AR. 20.

At the time of the hearing, plaintiff was living with her parents. AR. 66.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 119, 132, 145, 160. Plaintiff's requested hearing was held before Administrative Law Judge Ilene Sloan ("the ALJ") on December 8, 2014. *See* AR. 52-94. A supplemental hearing was held on May 5, 2015. *See* AR. 95-118. On July 23, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 14-51.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ erred in her weighing of the medical opinion evidence; (2) The ALJ erred in her weighing of the credibility of plaintiff's allegations; and (3) The ALJ erred in her consideration of the testimony of Bruce Holmes. *See* Dkt. 14, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)  Did the ALJ err in her weighing of the medical opinion evidence?**

Plaintiff argues that the ALJ erred when failing to credit fully the opinion from plaintiff's treating physician, Dr. Parul Sharma, D.O. Defendant contends that there is no error.

When an opinion from a treating doctor is contradicted by other medical opinions, the treating doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2). "A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (citing SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). Although the ALJ found that the treating physician's opinion is inconsistent with other evidence in the case record, the ALJ does not specify any specific examination findings or other objective evidence in the record inconsistent with the opinions of Dr. Sharma.

As noted by the ALJ, plaintiff started receiving treatment from Dr. Sharma in April 2013. *See* AR. 30. Also as noted by the ALJ, Dr. Sharma ordered laboratory testing, and in "September 2013, Dr. Sharma noted that laboratory testing in August and September, 2013 had been positive for ANAs and a lupus anticoagulant." *Id.* The ALJ characterizes the examination by Dr. Sharma in September, 2013 as "largely normal." *Id.*

Among other opinions, Dr. Sharma opined that plaintiff only could stand and walk for an hour each total in an eight hour workday. AR. 1339 (Dr. Sharma also opined that plaintiff only could stand for 30 minutes at a time, but the ALJ adopted this finding, *see* AR. 26). These limitations are more restrictive than the residual functional capacity ("RFC") that the ALJ opined plaintiff is capable of, including the ability to stand for three hours and walk for three hours out of an eight hour day. *See id.,* AR. 26.

The ALJ provided a number of reasons for failing to credit fully the medical opinion of treating doctor, Dr. Sharma. *See* AR. 39. The ALJ compares Dr. Sharma's opinion with that of a doctor who did not examine or treat plaintiff, but simply reviewed the record. *See id*. The ALJ noted that Dr. Sharma did not consider all of the evidence available at the hearing level prior to providing his opinion, while the non-examining doctor, "Dr. Winkler, did have an opportunity to review such evidence when formulating her opinion." *Id*. However, this does not entail a legitimate reason for failing to credit fully Dr. Sharma's opinion, especially as the ALJ failed to point out what evidence actually contradicted Dr. Sharma's opinion, and this Court cannot find any.

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (citing

*Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). According to the Ninth Circuit, "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinion of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (citing *Rodriguez v. Bowen*, 876 F.2d 759, 761-762 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). Furthermore, an examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. §§ 404.1527(a)(2).

Therefore, by itself, the fact that another doctor, Dr. Winkler, reviewed the entire record while the treating doctor, Dr. Sharma did not, does not entail a specific and legitimate reason for failing to credit fully Dr. Sharma's opinion. Rather, the ALJ needed to identify what specific evidence, if any, contradicts the treating physician's opinion. The ALJ failed to do this.

Next, the ALJ found that "Dr. Sharma based his opinion primarily on a history of impairments, rather than on the claimant's impairments from the relevant period and supporting objective medical findings." *Id.* (citing for comparison AR. 1328 with AR. 1339). However, although Dr. Sharma noted plaintiff's history of impairments, such as lupus and fibromyalgia, the record does not demonstrate that his opinion is based primarily on this history, rather than on objective medical findings, and does not demonstrate that it is not offered for the relevant period of time. Although Dr. Sharma notes, for example, that plaintiff has a history of lupus and fibromyalgia, as noted by the ALJ, Dr. Sharma also ordered laboratory tests which provided objective medical findings

supporting the diagnosis of lupus, such as "laboratory testing from August and September 2013 [] [] positive for ANAs and a lupus anticoagulant." AR 30; *see also* AR. 828, 1339. Furthermore, the entire document filled out by Dr. Sharma referred to by the ALJ requests opinions regarding plaintiff's limitations in the present tense, clearly requesting an opinion regarding plaintiff's current level of ability. *See* AR. 1338-44. Therefore, the Court concludes that the ALJ's finding that "Dr. Sharma based his opinion primarily on a history of impairments, rather than on the claimant's impairments from the relevant period and supporting objective medical findings," is not a finding based on substantial evidence in the record as a whole and does not entail a specific and legitimate reason for failing to credit fully Dr. Sharma's opinion.

Next, the ALJ notes that Dr. Winkler testified that Dr. Sharma's opinion is inconsistent with the relatively minimal and conservative treatment he prescribed for plaintiff. *See* AR. 39. However, as pointed out by plaintiff, Dr. Winkler appeared not to be aware of plaintiff's background and the numerous trials of a variety of medications and treatments typically used to treat fibromyalgia that plaintiff had tried but had not been effective, such as gabapentin, Lyrica, amitriptyline, cyclobenzaprine, tramadol, Cymbalta, and trigger point injections. *See* Dkt. 14, p. 7; *see also* AR. 678. Indeed, the record indicates that plaintiff received no "benefit from gabapentin, Lyrica, amitriptyline, cyclobenzaprine, tramadol [and] Cymbalta;" that plaintiff "has a history of previous G.I. bleed and NSAIDs are contraindicated [and that] trigger point injections have not been helpful." AR. 670. Instead of discussing this history, or demonstrating any awareness of it, Dr. Winkler testified that plaintiff is "only on low-dose Plantinel [phonetic] and not

any of the other groups you would use for significant problems with lupus [inaudible]." AR. 90. Dr. Winkler indicated that she "didn't see any evidence in the file" that plaintiff's doctor "put her on medications to control lupus." AR. 99. This finding is not supported by substantial evidence in the record.

Furthermore, although Dr. Winkler points out that exercise usually is suggested for lupus (*see* AR. 101), Dr. Sharma actually suggested that plaintiff engage in yoga and tai chi. AR. 1009. The ALJ does not provide any discussion or mention of any other type of treatment that should have been, but was not, prescribed for plaintiff by Dr. Sharma in order for Dr. Sharma's plan for plaintiff to be more appropriate for the opined severity of plaintiff's impairments.

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ's reliance on Dr. Winkler's characterization of Dr. Sharma's plan/prescription as "relatively minimal and conservative treatment" does not entail a specific and legitimate reason based on substantial evidence in the record as a whole for any failure to credit fully Dr. Sharma's opinion.

Next, the ALJ finds that "the severe physical limitations Dr. Sharma provided in his opinion are inconsistent with his repeated recommendation that the claimant start yoga or tai chi for management of her fibromyalgia pain." AR. 39. However, the ALJ does not provide any evidence that starting yoga or tai chi is inconsistent with the limitations opined by Dr. Sharma, and does not explain which opinion she finds inconsistent with the recommended exercise. Dr. Sharma's opinion includes limitations such as standing for an hour total, or walking for an hour total, in an eight hour day. *See*

AR. 1339. It seems likely that beginning a regimen of yoga or tai chi could be accomplished by standing or walking for an hour, and thus, such a recommendation would not be inconsistent with the opined limitations.

Finally, the ALJ found that "Dr. Sharma's opinion is not consistent with his own treatment or examination findings, or with the other objective evidence of record." AR. 39. However, first, this is not a specific reason, but instead, is a very general, conclusory assertion. *See Belanger v. Berryhill*, Case No. 14-35632, 685 Fed. Appx. 596, 598 (9th Cir. Mar. 29, 2017) (unpublished opinion) (an ALJ's failure to "explain which aspects of [the treating doctor's] opinions [she finds] inconsistent with the record, [as] boilerplate criticism, without more, is insufficient to reject a treating physician's opinion under this court's precedent") (citing *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014)). The ALJ does not indicate what specific treatment or examination finding by Dr. Sharma is inconsistent with his opinion. Similarly, the ALJ does not specify what "other objective evidence of record" is inconsistent with Dr. Sharma's opinion.

Second, even if the Court makes the inference that the ALJ is referring to the perceived dearth of physical abnormalities on examination, or "Dr. Degan's examination findings from April 2015," a finding of inconsistency between such and Dr. Sharma's opinion would not be a specific and legitimate finding based on substantial evidence in the record as a whole. *See* AR. 39; *see also* AR. 32 (the ALJ noted that "at an appointment on April 29, 2015, [when evaluating plaintiff's medial plateau fracture] Dr. Degan found little, if any, evidence of musculoskeletal abnormalities"). As noted by the Ninth Circuit in a recent unpublished decision, the severity of symptoms from

fibromyalgia cannot be ruled out by the lack of objective findings to demonstrate the alleged severity. *Belanger v. Berryhill*, Case No. 14-35632, 685 Fed. Appx. 596, 598-99 (9th Cir. Mar. 29, 2017) (unpublished opinion) (quoting *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001)). Similarly, in *Benecke*, the Ninth Circuit concluded that the ALJ had erred in discounting medical opinions based in part on a fibromyalgia diagnosis, and found that the ALJ instead had been "relying on his disbelief of [the claimant's] symptom testimony as well as his misunderstanding of fibromyalgia." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (footnote omitted); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003). As noted by the Ninth Circuit, "[s]heer disbelief is no substitute for substantial evidence." *Id.* The ALJ does not explain what physical abnormalities on examination she is looking for, and, when finding that Dr. Sharma's opinion is inconsistent with "the other objective evidence of record," the ALJ fails to acknowledge the objective medical evidence of laboratory tests demonstrating positive ANAs and a lupus anticoagulant. AR. 828. The ALJ, herself, found that plaintiff suffers from severe fibromyalgia and severe lupus ("systemic lupus erythematosus"). AR. 20. The ALJ fails to explain what "other objective evidence of record" she finds to be inconsistent with Dr. Sharma's opinion, and how it is inconsistent.

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ erred when failing to credit fully the opinion from the treating doctor, Dr. Sharma. The Court also concludes that the error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

(citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, the ALJ failed to credit fully the medical opinions from plaintiff's treating doctor, Dr. Sharma. Among other opinions, Dr. Sharma opined that plaintiff only could sit for two hours in an eight hour workday; only could stand for an hour in an eight hour workday; and only could walk for an hour in an eight hour workday. AR. 1339. In contrast, the ALJ found that plaintiff could sit for four out of eight hours; could stand for three hours out of eight hours; and could walk for three hours out of eight hours. AR. 26. Fully crediting Dr. Sharma's opinion likely would result in a different ultimate conclusion regarding disability. Therefore, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the testimony, could have reached a

different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore, the error is not harmless.

However, the Court does not conclude that this matter should be remanded with a direction to award benefits, as plaintiff requests. When evaluating the propriety of remanding with a direction to award benefits, the Court considers if "the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted). Here, the record as a whole is not free from conflicts, and plaintiff's entitlement to benefits is not entirely clear. *See id*. For example, plaintiff appears to concede that her activities were inconsistent with her alleged hand pain. *See* Dkt. 14, p. 10. In addition, the ALJ discussed at length the conflict between Dr. Sharma's opinion and the opinion of the medical expert, Dr. Winkler; and, plaintiff argued that the ALJ "should have made an effort to recontact Dr. Sharma, as well [as Dr. Winkler], if there were questions about the basis for Dr. Sharma's opinion." *Id*. at 8 (citation omitted). Further administrative proceedings could be useful to resolve the conflicting medical opinions.

(2) **Did the ALJ err in her weighing of plaintiff's allegations/testimony and did she err in her consideration of the testimony of Bruce Holmes?**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding

limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter. Similarly, the lay statement of Bruce Holmes should be assessed anew following remand of this matter.

## CONCLUSION

The ALJ failed to explain adequately why she found that the opinions of the treating doctor were inconsistent with other substantial evidence in the record.

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 12th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge